The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip A. Holmes, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties entered a Pre-Trial Agreement which is incorporated by reference.
2. This case was previously heard by Deputy Commissioner Ford on September 23, 1993; reviewed and modified by the Full Commission by Opinion filed March 25, 1997, and reviewed and affirmed by the North Carolina Court of Appeals by Opinion filed April 7, 1998.
3. CIGNA now ACE, USA was servicing agent for self-insured employer as of July 11, 1988 (IC # 914557).
4. Gallagher-Bassett Services, Inc. was servicing agent for self-insured employer as of July 1, 1992 (IC # 347211).
5. A packet of prior Commission decisions and Industrial Commission filings was stipulated by the parties.
6. Subsequent to the hearing, the parties entered the following documentation into the record:
A. Deposition of Dr. Gerald Vanden Bosch dated May 25, 1999;
B. Deposition of Ann Neulicht dated August 12, 1999; and
C. Deposition of Maria Halpin dated October 6, 1999.
D. Medical Records of Gregg Sigmon, M.D.
***********
Based upon all of the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter was the subject of a prior hearing before Deputy Commissioner Richard Ford on September 23, 1993 which was appealed to the Full Commission and the Court of Appeals with a final decision filed by the Court of Appeals on April 7, 1998. The Court found that plaintiff had not experienced a change of condition from a prior low back injury of December 11, 1988, but had experienced a new upper back injury on July 1, 1992 while lifting guardrails overhead. Plaintiff sought treatment from Dr. Vanden Bosch and Dr. Derian among others. Plaintiff worked for defendant following his injury on July 1, 1992 in his light duty capacity until he was taken out of work with respect to his upper back from November 24, 1992 through January 14, 1993. Any disability after January 14, 1993 was due to non-work related carpal tunnel syndrome. The Court decision found that plaintiff had experienced no permanent partial disability with respect to his injury of July 1, 1992.
2. As a result of plaintiffs December 11, 1988 injury, plaintiff underwent back fusion surgery by Dr. Derian in May of 1991 and ultimately was awarded a 35% disability rating to the back. A Form 26 agreement for the 35% disability rating was approved by the Commission on July 26, 1992 and paid by defendant on August 24, 1992. As a result of plaintiffs back injury of December 11, 1998, plaintiff was restricted to light duty work by Dr. Derian and returned to work for defendant-employer in January of 1992.
3. As of January 14, 1993, plaintiff has not returned to work.
4. Since January 14, 1993, plaintiff has continued to experience some back pain and continued pain with his hands, as well as developing other medical problems, including but not limited to cardiac problems, pulmonary problems and problems with diabetes. Plaintiff has primarily treated with Dr. Gregg Sigmon, his family physician. Dr. Sigmons treatment from January 27, 1993 through July 21, 1998 shows no evidence of any worsening of plaintiffs upper or lower back problems other than references one would expect after a 35% disability rating. Dr. Sigmons notes reference other medical problems of plaintiff.
5. Plaintiff has not sought any treatment for his carpal tunnel syndrome since 1993, although he testified at the hearing that he does have problems with his hands. Plaintiff did not produce any medical evidence as to whether he is currently able to work with respect to his carpal tunnel syndrome. Plaintiff testified to treatment he has received from other physicians other than Dr. Sigmon for cardiac and pulmonary problems.
6. Plaintiff was evaluated by Dr. Gerald Vanden Bosch on April 28, 1998 and then again on April 22, 1999. Dr. Vanden Bosch had last seen plaintiff in November 1992 prior to April 29, 1998 evaluation. Dr. Vanden Bosch testified that plaintiffs complaints of pain in his back and upper back were essentially the same as in November of 1992. In November of 1992, Dr. Vanden Bosch had referred plaintiff back to Dr. Derian, a spine specialist and the physician who had treated plaintiff for the low back, to see if anything further could be done for plaintiffs upper back.
7. At plaintiffs visit of April 28, 1998, Dr. Vanden Bosch opined that plaintiff has a 5% permanent disability of his upper back. Dr. Vanden Bosch testified since plaintiffs complaints had not changed since he last saw plaintiff in November of 1992, that once Dr. Derian released plaintiff he would have been at maximum medical improvement so he would have given plaintiff the same rating in 1993 had plaintiff returned to see him at that time. Dr. Vanden Bosch testified that plaintiff had the same complaints as he did in November of 1992. Dr. Vanden Bosch also testified that work restrictions he placed on plaintiff would be a difference of opinion between himself and Dr. Derian, who had released plaintiff back to work on January 14, 1993.
8. Dr. Vanden Boschs opinions as to a disability rating and work restrictions are merely differing opinions than those provided by Dr. Derian. Dr. Vanden Boschs opinions are based on the medical evidence known as of September 23, 1993, as plaintiff did not see Dr. Derian after May of 1993 nor had Dr. Vanden Bosch seen any additional medical records. The only new information provided by Dr. Vanden Bosch after September 23, 1993, was plaintiffs subjective history and complaints at his visits of April 29, 1998 and April 22, 1999. Dr. Vanden Bosch testified that plaintiff was essentially the same as he was in November of 1992.
9. Ann Neulicht, Ph.D. is a vocation expert retained by plaintiff. Although Ms. Neulicht testified that plaintiff is unemployable, she stated that in rendering her opinion she took plaintiff as a whole, taking all of his medical problems into account, and did not limit her opinion to plaintiffs upper back. Ms. Neulicht testified that she had not seen Dr. Sigmons medical records nor records from the physician treating plaintiff for his cardiac and pulmonary problems which developed since 1993. Ms. Neulicht also testified that she relied on questionnaires plaintiff filled out as to what he could and could not do. Ms. Neulicht also noted that some of the restrictions she took into account were restrictions for reaching and gripping which were related to plaintiffs carpal tunnel syndrome not related to plaintiffs upper back injury.
10. Since January 14, 1993, plaintiff has not experienced a substantial change in condition with respect to his lower or upper back. There is a difference of opinion as to work restrictions and a disability rating between Dr. Vanden Bosch and Dr. Derian.
11. Plaintiffs claim of change of condition with respect to his lower back is barred. Plaintiff was paid pursuant to an approved Form 26 for a 35% disability to the back on August 24, 1992. After August 24, 1992, the Commission found that plaintiff had not experienced a change of condition with respect to the low back, but that plaintiff experienced a new injury on July 1, 1992. Since the payment of the 35% disability has accrued and no change of condition was established within 2 years, further claims for change of condition are barred as to plaintiffs low back injury of December 11, 1988 (IC # 914557).
***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. With respect to plaintiffs compensable claim for the low back, plaintiff had two years from the last payment of compensation for further indemnity compensation based upon change of condition. N.C. Gen. Stat.97-47.
2. Since the prior court decision found plaintiff to have had a new injury and not a change of condition with respect to his low back claim, plaintiff is barred from receiving any additional indemnity benefits with respect to his low back claim. N.C. Gen. Stat. 97-47.
3. Plaintiff has not experienced a substantial change of condition caused by July 1, 1992 compensable injury to his upper back. N.C. Gen. Stat. 97-47.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiffs claim for additional benefits related to any change of condition pursuant to N.C. Gen. Stat. 97-47 must be and is hereby DENIED.
2. Each side shall bear its own costs.
This 9th day of October 2000.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
S/________________ DIANNE C. SELLERS COMMISSIONER